Leroy **WILLIAMS**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 484S121.

Supreme Court of Indiana.

Feb. 25, 1986.

Jack E. Roebel, Allen County Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of burglary, a class B felony, I.C. § 35–43–2–1. A jury tried the case. Appellant received a twenty-year sentence.

Appellant raises six issues on appeal: (1) whether trial court erred in admitting evidence relating to an offense not charged; (2) whether trial court erred in denying his motion to suppress; (3) whether trial court erred in admitting State's Exhibit 1, an envelope containing blood samples; (4) whether there was sufficient evidence to support his conviction; (5) whether trial court erred in not sentencing him within 30

days after conviction, and if so, whether he should have been discharged.

These are the facts from the record which tend to support the determination of guilt. On March 26, 1983, at 11:20 p.m., Ft. Wayne police arrived at 2918 South Anthony pursuant to a call of a break-in in progress. They found a broken basement window on the side of the house. Upon searching the basement, the police discovered appellant. The police took him into custody. Officer Robert Nathan observed that appellant's right hand was bleeding and that appellant had blood on his trousers. Subsequently, Officer Ralph White advised him of his rights, and he indicated that he understood his rights. Shortly thereafter, a person came up to Officer White, and he told him there was a television by a trash can in the alley behind a nearby church. Officer White asked appellant if he had been involved in another burglary in the neighborhood, and appellant said yes. Appellant then falsely identified the house where the other burglary had occurred. Officer White took possession of the television.

Later that night at 1:00 a.m. on March 27, 1983, Vernon Graham returned to his home at 2936 South Anthony. Mr. Graham found a broken basement window, and he discovered that his television was missing. He also found blood on an air duct which was next to the broken window and on the washing machine which was below the broken window. He called the police. Officer Nathan, and then Officer White, arrived at the residence. Mr. Graham identified the television as his, and it was returned to him. Officer Nathan took blood scrapings from the air duct and washing machine and placed them in an envelope. Laboratory analysis revealed that the blood on appellant's trousers and the blood scrapings from the Graham residence were of the same blood type.

I

Appellant argues that the trial court erred in admitting evidence concerning the burglary that occurred just after the burglary charged in the instant case. The trial court denied his Motion in Limine. Appellant objected to the admission of the evidence at trial.

■ General evidence of prior offenses by the accused is inadmissible if it is irrelevant or produced merely to show that the defendant's general character is bad or that he has a tendency to commit certain types of crimes. *Kerlin v. State* (1968), 255 Ind. 420, 265 N.E.2d 22; *Meeks v. State* (1968), 249 Ind. 659, 234 N.E.2d 629. However, there are certain exceptions to this general rule. Evidence of prior crimes can be admitted for the purpose of showing intent, motive, purpose, identification or common scheme or plan. *Choctaw v. State* (1979), 270 Ind. 545, 387 N.E.2d 1305.

The police apprehended appellant in a basement of a house near where the Graham burglary was committed. The police advised him of his rights and then he admitted that he committed another burglary in the same neighborhood. The two burglaries occurred within a short time of each other and the perpetrator entered each house through a basement window. Appellant was bleeding at the time of his arrest and the police found blood in the basement of the Graham home.

■ The proximity in time and place in conjunction with appellant's admission of guilt, and the nexus provided by the evidence of bleeding and blood, renders the challenged evidence sufficiently probative on the issue of identification, and therefore admissible.

II

■ Appellant argues that the trial court erred in denying his motion to suppress statements he made to the police concerning his involvement in the offense under consideration in this appeal. He claims that he did not freely and voluntarily give the statements because he was intoxicated. Appellant timely objected to the challenged testimony at trial.

It is the state's burden to prove, beyond a reasonable doubt, that the defendant

voluntarily and intelligently waived his rights, and that the defendant's confession was voluntarily given. *Shepler v. State* (1980), Ind. [274 Ind. 331], 412 N.E.2d. 62; *Jackson v. State* (1980), Ind. [274 Ind. 297], 411 N.E.2d. 609. Upon a review of the denial of a motion to suppress a confession and the subsequent admission of that confession over objection, this Court will not weigh the evidence or judge the credibility of witnesses. The admissibility of a confession ultimately depends upon questions of fact which are to be resolved by the trial court. If the evidence is conflicting, only that evidence which tends to support the trial court's ruling will be considered on appeal. If the trial court's ruling is supported by substantial evidence of probative value, it will not be disturbed. *Fleener v. State* (1980), Ind. [274 Ind. 473], 412 N.E.2d. 778; *Wollam v. State* (1978), 269 Ind. 286, 380 N.E.2d. 82.

The evidence in support of the ruling indicates that appellant was intoxicated to the point that he stumbled when he walked, however, his speech was not slurred. He had managed to effect entry into two houses through basement windows, and had identified and removed a valuable item from one. An inference arises from the circumstances of capture that a rational person would regard complete and forthright answers as beneficial to his own interests. Officer White advised appellant of his rights. Officer Stoner testified that appellant's answers were responsive to the questions posed by Officer White. Appellant then admitted to involvement in the instant offense.

In *Bean v. State* (1975), 267 Ind. 528, 532, 371 N.E.2d 713, 715 this Court stated that it was only when an accused is so intoxicated that he is unconscious as to what he is saying that his confession will be inadmissible. Intoxication of a lesser degree goes only to the weight to be given the statement and not to its admissibility.

*Bundy v. State* (1981), Ind., 427 N.E.2d 1077. There is sufficient evidence to support the trial court's ruling that appellant's confession was freely self-determined.

### III

Appellant argues that the trial court erred in admitting, over his objection, State's Exhibit 1, an envelope containing blood samples. He contends that the State did not establish a complete chain of custody.

"Although the State must establish a complete chain of custody of the evidence, *Graham v. State* (1970), 253 Ind. 525, 530–32, 255 N.E.2d. 652, 654–55, all possibilities of tampering need not be excluded. *Everroad v. State* (1982), Ind., 442 N.E.2d. 994, 1002; *Guthrie v. State* (1970), 254 Ind. 356, 362–64, 260 N.E.2d. 579, 583–84. The State must present only evidence which strongly suggests the whereabouts of the evidence at all times ... [It] is not required to exclude every possibility of tampering. *Everroad*, 442 N.E.2d. at 1002. It is necessary only that there be reasonable assurances that the exhibit has passed through the various hands in an undisturbed condition. *Everroad*, 442 N.E.2d. at 1002; *Guthrie*, 254 Ind. at 362–64, 260 N.E.2d. at 583–84."

*Hunt v. State* (1984), Ind., 459 N.E.2d 730, 733.

Here, Officer Nathan took blood scrapings from the victim's air duct and washing machine, and he placed them in an envelope. He sealed the envelope; and then he wrote on it, but he did not place his mark on it. However, at trial, Officer Nathan testified that the writing on the envelope was his. On March 27, 1983, he delivered the sealed envelope to the police property room, and he made out a continuity slip and placed it and the sealed envelope with the other evidence collected for the case. On March 28, 1983, Margaret Kimble, a Fort Wayne police department chemist, obtained the sealed envelope from the police property room in order to conduct tests, and on April 14, 1983, she returned it to the property room. The continuity slip shows this activity. This evidence demonstrates a complete chain of

custody, and it gives reasonable assurances that State's Exhibit 1 had not been subjected to tampering, before the test had been administered. Assuming arguendo that a possible subsequent hiatus in continuity occurred as indicated in the continuity slip, the erroneous admission of the exhibit would not have impinged upon any substantial right of the appellant because he did not object to the results of the blood tests on the contents of State's Exhibit 1 at trial.

## IV

Appellant contends that there was insufficient evidence to support his burglary conviction. The kernel of this claim is that were this court to accept his argument on issues I, admissibility of confession, and III, admissibility of blood samples, there would be insufficient evidence to support his burglary conviction.

In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from the view point there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657.

■ The evidence recited in the statement facts, including the confession and blood samples both of which we determined to be admissible, is clearly sufficient to support his conviction for burglary.

## V

On September 26, 1983, appellant received a fifteen year sentence for class B burglary in CCR–83–72. See *Williams v. State* (1985), Ind., 481 N.E.2d 1319. On September 21, 1983, a jury found him guilty of a class B burglary in CCR–83–71, the burglary that is the basis of this appeal, and the trial court set sentencing for October 17, 1983. On October 11, 1983,

appellant entered a guilty plea to a class A burglary in CCR–184, and the trial court set sentencing for November 7, 1983. See *Williams v. State* (1985), Ind., 485 N.E.2d 100. On October 17, 1983, the trial court sua sponte continued sentencing in CCR–83–71 from October 17, 1983, to October 24, 1983, and it rescheduled CCR–184 from November 7, 1983, to October 24, 1983, so as to facilitate simultaneous sentencing in both CCR–83–71 and CCR–184. There is no order book entry of this action on October 17, 1983, but there is an entry on October 24, 1983, showing this rescheduling of both causes. On October 21, 1983, appellant filed an Objection to Continuation of Sentencing and a Motion for Discharge. The basis of the objection was that the rescheduling of CCR–83–71 moved it beyond the statutory thirty day limit for sentencing.

I.C. § 35–4.1–4–2 (now I.C. § 35–38–1–2) states in pertinent part:

"Upon entering a conviction, the court shall set a date for sentencing within [30] days, unless for good cause shown an extension is granted"

CR 11 states in pertinent part:

"In all courts of superior jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within (30) days of the finding or verdict of guilty."

Appellant's counsel alleges in an affidavit under oath that the trial court's purpose in arranging the simultaneous sentencing was to remove appellant's incentive to withdraw his guilty plea in CCR–184 based upon the probable perception that his sentence in the instant case was too severe.

■ It has been recognized that the court is excused from exact compliance where there was good cause for the delay. *Alford v. State* (1973), 155 Ind.App. 592, 294 N.E.2d 168; *Arnold v. State* (1973), 157 Ind.App. 359, 300 N.E.2d 135; *Taylor v. State* (1976), 171 Ind.App. 476, 358 N.E.2d 167. Such cause may be presumed where the record is silent as to the reason for delay and the defendant made no objec-

**58**

tion. *Moore v. State* (1972), 154 Ind.App. 482, 290 N.E.2d 472; *Taylor, supra.*

Here appellant objected in a timely manner to the continuance of the sentencing beyond the thirty day limit. The reason for the delay is set forth in the affidavit mentioned above. The record before us provides inferential support for the assertions in that affidavit, and is not therefore silent.

■ The continuance of sentencing so as to prevent efforts to withdraw the guilty plea does not constitute "good cause". Appellant was entitled to be sentenced within the thirty day limit, and to receive all of the benefits accruing to him from such timely sentencing, including the opportunity to evaluate that sentence's impact for all legitimate purposes.

It should be noted that the trial court's second decision to continue sentencing from October 24, 1983, to November 7, 1983, so that it could examine all of appellant's character witnesses played no part in the *sua sponte* decision to continue the sentencing from October 17, 1983, to October 24, 1983. Consequently, the trial court's reason for the second continuance cannot constitute good cause because it was not part of the initial decision to continue the sentence beyond the thirty day limit.

■ Having found that there existed no good cause for delay, we must now determine the proper remedy. Appellant argues that the proper remedy is discharge. However, it appears to us that the impact of this choice is out of proportion to the evil sought to be corrected. *Taylor, supra,* 358 N.E.2d at 171. Here, the remedy should seek to strip away any gain that inured to the State as a result of the delay. The State's gain was the imposition of consecutive sentences as a result of the simultaneous sentencing. The ideal remedy would be to order the thirty-five year sentence in CCR–184 to be concurrent to the twenty year sentence in this case; this approach, after adding the sentence of fifteen years imposed in CCR–83–72, results in a total executed time of fifty years. However, we

are without jurisdiction to do so. Consequently, we require the twenty year sentence in this case to run concurrently, rather than consecutively, with the fifteen year sentence imposed in CCR–83–72. This approach results in a total executed time of fifty-five years, and it is commensurate enough with the ideal remedy to promote the purposes and integrity of CR 11 and IC § 35–4.1–4–2.

The conviction is affirmed. The cause is remanded for modification of sentence.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.