Cassius R. WHITE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 48S00–9609–CR–586.

Supreme Court of Indiana.

July 28, 1998.

Richard Walker, Robert W. Rock, Anderson, for Appellant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Defendant Cassius R. White ("defendant") was convicted, after a jury trial, of attempted murder, a class A felony. The jury also found defendant to be a habitual offender. The trial court sentenced defendant to forty-five years for the attempted murder conviction enhanced by twenty-five years for being a habitual offender, for a total of seventy years. In challenging his conviction, defendant raises three issues: 1) whether he received ineffective assistance of trial counsel; 2) whether the trial court erred by refusing to instruct the jury on self-defense; and 3) whether, in taking defendant's fingerprints without giving notice to defendant's counsel, the State deprived defendant of his right to counsel. We answer each issue in the negative and affirm the trial court.

## FACTS

On the night of June 30, 1995, defendant was drinking at a friend's house in Anderson, Indiana. Myron Brooks was also at the house that evening. As Brooks was preparing to leave, he and defendant got into an argument. During the argument, Brooks called defendant "gay." Defendant got very angry at this remark, said that he was tired of being called gay, and slit Brooks across the neck with a knife. Prior to the attack, Brooks neither had made physical contact with defendant, nor threatened him in any manner. Brooks was taken to the hospital and treated for a laceration on his neck.

Patrolman Michael Anderson was on duty the night of June 30. Anderson received a call from dispatch about the altercation between defendant and Brooks. Anderson responded to the call and found defendant hiding underneath a tree with a knife by his hand. Defendant appeared to have blood all over the front of his clothes. Anderson handcuffed defendant and advised defendant of his Miranda rights. Defendant then admitted to Anderson that he had cut Brooks because Brooks had called him gay and that "he wanted to murder" Brooks. (R. at 210.)

At the police station, defendant was interviewed by Detective Randy Tracy. Tracy read defendant his Miranda rights, but defendant refused to sign a waiver of rights. Defendant, however, agreed to talk to Tracy and admitted that he had cut Brooks. When Tracy asked defendant to give a video statement, defendant terminated the interview and asked to see his attorney.

## DISCUSSION

### I.

 Defendant argues that he received ineffective assistance of trial counsel. He alleges three instances of ineffective assistance: 1) failure to suppress evidence of defendant's confessions to the police; 2) failure to tender an instruction on voluntary intoxication; and 3) failure to tender an instruction on provocation.[1] These instances of ineffec-

---

1. Defendant also suggests that he received ineffective assistance because his counsel failed to

determine if the red stain on defendant's shirt was, in fact, blood. Defendant fails to present

tive assistance, defendant argues, deprived him of a fair trial.

To prevail upon a claim of ineffective assistance of counsel, a defendant must prove both parts of the two part test as set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Smith v. State,* 689 N.E.2d 1238, 1243 (Ind. 1997). Under the first element, a defendant must show that his counsel's actions fell below an objective standard of reasonableness under prevailing professional norms. *Id.* The appellate court proceeds with a strong presumption that counsel acted reasonably, and the defendant must present strong and convincing evidence otherwise. *Id.* Under the second element, the defendant must show that he was prejudiced by his counsel's actions. "Defendant must show that counsel's errors so undermined the process that the trial cannot be relied on as having produced a just and reliable result." *Smith,* 689 N.E.2d at 1244–45. We need not address counsel's performance if we determine that defendant has not shown prejudice. *Legue v. State,* 688 N.E.2d 408, 410 (Ind.1997).

### A.

Defendant first contends that he received ineffective assistance because his counsel failed to suppress evidence of his confessions to the police. Defendant argues that, by not objecting at trial, his counsel failed to require the State to meet its burden of showing that the admissions were voluntarily given. Defendant further argues he was prejudiced because, due to his intoxication, the confessions were involuntarily given and would have been excluded from evidence.

■■■ To prevail on this ineffective assistance claim, defendant must be able to show a reasonable probability that challenging the admissibility of his confessions on voluntariness grounds would have led to their exclusion and his acquittal; otherwise, defendant

cannot establish that he was prejudiced. *Smith,* 689 N.E.2d at 1248; *see Layton v. State,* 499 N.E.2d 202, 205 (Ind.1986). If a defendant challenges the admissibility of his confession on voluntariness grounds, the State must prove by a preponderance of the evidence that the confession was voluntarily given.[2] *Smith,* 689 N.E.2d at 1246. In determining whether a confession was voluntarily given, a court considers the totality of the circumstances surrounding the confession. *See Gregory v. State,* 540 N.E.2d 585, 592 (Ind.1989). A confession is not made inadmissable on voluntariness grounds due to the defendant's intoxication unless defendant was intoxicated to the point of being unconscious of what he was saying. *Id.; Williams v. State,* 489 N.E.2d 53, 56 (Ind.1986). Otherwise, defendant's intoxication during his confession goes to the weight to be accorded the statement, not to its admissibility. *Id.*

■■■ In this case, defendant cannot show a reasonable probability that an objection would have led to the exclusion of his confessions. Both Patrolman Anderson and Detective Tracy testified that, though defendant acted belligerently, spoke once in Pig Latin, and had the smell of alcohol on his breath, he did not appear to be intoxicated or confused. Furthermore, defendant's actions undermine his claim. For example, defendant was able to walk away from the scene and hide underneath a tree. Also, he understood and responded to questions asked of him. Finally, defendant was conscious enough to stop the interview and ask for an attorney when Detective Tracy asked to video-tape his statements. Examining the totality of the circumstances, we believe that the State would have been able to prove by a preponderance of the evidence that defendant's statements to the police were made voluntarily.

### B.

Defendant also contends that he received ineffective assistance because his counsel

argument or legal citation to support this claim as is required by Ind. Appellate Rule 8.3(A)(7). As such, the issue is waived. *See Marshall v. State,* 621 N.E.2d 308, 318 (Ind.1993).

**2.** As we noted in *Smith,* because defendant did not clearly challenge the admissibility of his confessions under the Indiana Constitution, we will

assume that the claim is raised only under the United States Constitution and will analyze it as such. *Smith,* 689 N.E.2d at 1240 n. 3. Under the Federal Constitution, the State must prove the voluntariness of a confession by a preponderance of the evidence. *Id.* at 1246 n. 11.

failed to request an instruction on the defense of voluntary intoxication. Defendant argues that the evidence supports the giving of this instruction and that a jury would have been able to find his intoxication made him unable to form the requisite intent for attempted murder.

■ Defendant was not denied effective assistance of counsel in this manner. The defense of voluntary intoxication is available only when the evidence shows that a defendant's intoxication was so great "that it could have created a reasonable doubt in the jury's mind that the accused had acted with the requisite mental state or specific intent." *State v. Van Cleave*, 674 N.E.2d 1293, 1303 (Ind.1996), *reh'g granted in part on other grounds*, 681 N.E.2d 181 (Ind.1997), *cert. denied*, — U.S. —, 118 S.Ct. 1060, 140 L.Ed.2d 121 (1998). The extent of a defendant's intoxication is "immaterial so long as the accused was still able to form the mens rea required for the crime." *Id.* at 1303. Evidence to consider in determining whether a defendant was capable of forming the requisite intent includes whether the defendant "was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." *Legue*, 688 N.E.2d at 410.

■ The record presents evidence that defendant had consumed four or five beers and possibly some vodka and that defendant smelled of alcohol. However, the record also presents evidence that defendant was able to cut Brooks across the neck with a knife, that defendant was able to attempt to hide from the police, and that defendant was able to ask and answer questions of the police officers shortly after the incident. The evidence shows that defendant's intoxication was not so great as to create a reasonable doubt that he was capable of forming the requisite intent to commit attempted murder. Thus,

defendant was not prejudiced by his counsel's failure to request a voluntary intoxication instruction, and defendant did not receive ineffective assistance of counsel.

## C.

■ Finally, defendant argues that he received ineffective assistance because his counsel failed to tender an instruction on the lesser included offense of attempted voluntary manslaughter.[3] The evidence, defendant contends, shows that Brooks provoked defendant such that he acted while his reasoning powers were obscured. Thus, defendant argues, a jury could find him guilty of attempted voluntary manslaughter and his attorney erred by not tendering such an instruction.

■ Under the test of *Wright v. State*, a trial court must give a tendered lesser included offense instruction if the alleged lesser included offense is either inherently or factually included in the crime charged and there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense such that a jury could conclude that the lesser offense was committed but the greater was not. 658 N.E.2d 563, 566–67 (Ind.1995). It is well-established that voluntary manslaughter is an inherently included offense of murder because it requires proof of the same material elements as murder. *See Champlain v. State*, 681 N.E.2d 696, 701–02 (Ind. 1997). This is true because voluntary manslaughter is murder with the mitigating factor that it was committed while acting under sudden heat. *Id.* For the same reasons, attempted voluntary manslaughter is an inherently included offense of attempted murder.

■ The remaining question is whether a serious evidentiary question exists about whether the cutting was done in sudden heat

---

**3.** In his brief, defendant argues that his counsel erred by failing to tender an instruction on "provocation." Defendant defines provocation as "conduct that arouses the emotions of an ordinary man so as to obscure his reasoning powers" and cites to *Madison v. State*, 534 N.E.2d 702, 704 (Ind.1989) (concerning whether the defendant should have been found guilty of voluntary manslaughter rather than murder).

(Brief at 15.) We assume, from this, that defendant means attempted voluntary manslaughter when he says "provocation." Furthermore, as voluntary manslaughter is murder mitigated by the presence of sudden heat, *see* Ind.Code § 35–42–1–3 (1993); *Champlain*, 681 N.E.2d 696, 702 (Ind.1997), we assume that defendant is arguing that his counsel failed to tender a lesser included offense instruction.

or not. Sudden heat has been defined as sufficient provocation "to excite in [the defendant's] mind ... such emotions as either anger, rage, sudden resentment, or terror as may be sufficient to obscure the reason of an ordinary man, and to prevent deliberation, premeditation, to exclude malice, and to render the defendant incapable of cool reflection." *Stevens v. State,* 691 N.E.2d 412, 426 (Ind.1997)(citing *Dickens v. State,* 260 Ind. 284, 293, 295 N.E.2d 613, 618 (1973)), *reh'g denied.* While the jury should be instructed on voluntary manslaughter if there is some appreciable evidence of sudden heat, *Griffin v. State,* 644 N.E.2d 561, 562 (Ind.1994), evidence of mere anger or words cannot alone support a jury instruction on voluntary manslaughter, *Champlain,* 681 N.E.2d at 702. In the present case, defendant can only point to the exchange of words and insults as evidence of provocation. This was an ordinary argument gone bad. There is no evidence to support an attempted voluntary manslaughter instruction. Thus, defendant was not entitled to this jury instruction and was not prejudiced by his counsel's failure to tender such an instruction.

## II.

Defendant argues that the trial court committed reversible error by refusing to instruct the jury on self-defense. At trial, defendant tendered an instruction on self-defense. After argument, the court refused to give the instruction, finding that there was insufficient evidence to support it. Defendant contends that the evidence supports the giving of an instruction on self-defense because he was justified in protecting himself from Brook's imminent threat of force.

 To determine whether the trial court committed error by refusing a tendered jury instruction, this Court examines whether (1) the tendered instruction correctly states the law, (2) there is evidence in the record to support the giving of the instruction, and (3) the substance of the tendered instruction is covered by other instructions which were given. *Griffin,* 644 N.E.2d at 562. The decisive question in this case is whether there is

evidence in the record to support the giving of a self-defense instruction.

 "A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force." Ind.Code § 35-41-3-2 (1993). To support a claim of self-defense, a defendant must have acted without fault, been in a place where he had a right to be, and been in reasonable fear or apprehension of bodily harm. *Brewer v. State,* 646 N.E.2d 1382, 1386 (Ind.1995). The defendant's belief that he is being threatened with the imminent use of unlawful force must be reasonable and in good faith, and his "reaction to that belief must be reasonable based upon the surrounding circumstances under which the events have occurred." *Geralds v. State,* 647 N.E.2d 369, 373 (Ind.Ct.App.1995).

 As there is no evidence in this case to sustain defendant's contention that he was reasonable in his belief of impending danger or in his response, the trial court did not err in refusing the instruction. It is undisputed that defendant and Brooks were in a heated argument of words. However, it is also undisputed that an argument was all that was occurring. Brooks never raised his hands or made any threatening actions against defendant. The slashing of someone's throat can in no way be termed justifiable or excused in this instance.

## III.

In defendant's final argument, he contends that the State denied him his constitutional right to counsel. After the guilt phase of defendant's trial and while defendant was still in custody, the State took his fingerprints.[4] Defendant's counsel was not notified that the State was taking defendant's fingerprints. Defendant asserts that this was a violation of his right to counsel and is reversible error.

 As this Court has previously stated, "the guarantees of an accused's right to counsel in both the Sixth Amendment and Art. I, Section 13 of the Indiana Constitution

---

**4.** The fingerprints were used as evidence to prove that defendant was a habitual offender.

apply at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *Jones v. State,* 655 N.E.2d 49, 54 (Ind.1995) (internal quotation marks and citation omitted). As we also have stated, and as defendant concedes, this right does not apply to "perfunctory, administrative procedures such as the taking of fingerprints and handwriting exemplars." *Gillie v. State,* 465 N.E.2d 1380, 1386 (Ind. 1984); *see Frances v. State,* 262 Ind. 353, 316 N.E.2d 364, 366 (1974). Defendant, however, asks us to revisit this issue. We decline to do so. Defendant was not denied his right to counsel.

## CONCLUSION

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.