**Lawrence W. CARTER, Jr., Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 73S00–9805–CR–312.

Supreme Court of Indiana.

May 26, 2000.

John C. DePrez, IV, Brown Linder & DePrez, P.A., Kris Meltzer, Stubbs & Meltzer, Shelbyville, IN, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Lawrence Carter was convicted of Murder. He appeals, arguing that his confession was improperly admitted into evidence. We find that the trial court properly denied Defendant's motion to suppress his confession.

We have jurisdiction over this direct appeal because the longest single sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

### Background

The facts most favorable to the verdict show that on March 15, 1997, the victim, Dirk Eberhart, was found dead at his home in Shelbyville laying face up on the couch with gunshot wounds to his head and neck.

Defendant was arrested by the Lawrence Police Department on April 3, 1997. Detective Don Deputy initially questioned Defendant. Deputy advised Defendant of his *Miranda* rights and the advisement was taped. Deputy noticed an odor of alcohol on Defendant and Defendant said that he had been drinking. Deputy did not believe Defendant was intoxicated.

Next, Lieutenant William Dwenger of the Shelbyville Police Department questioned Defendant. Dwenger also advised Defendant of his *Miranda* rights and Defendant said he understood them. Dwenger did notice an odor of alcohol and discussed it with Defendant. Dwenger formed a very strong opinion that Defendant was not intoxicated. Defendant also admitted smoking marijuana prior to being taken into custody. In the statement given to Dwenger, Defendant confessed to shooting the victim.

On October 14, 1997, Defendant filed a motion to suppress his statement, arguing that a knowing and voluntary waiver of Miranda rights did not precede his statement. On November 4, 1997, the trial court held a hearing on Defendant's motion to suppress. On November 26, 1997, the trial court denied Defendant's motion.

The State charged Defendant with Murder.[1] On February 11, 1998, a jury found Defendant guilty. The trial court imposed a sentence of 63 years for murder and five years for the use of a firearm during the commission of a felony.[2] Defendant appeals.

We will recite additional facts as needed.

### Discussion

Defendant's sole contention on appeal is that the trial court committed reversible error by denying his motion to suppress his statement to the police. He argues his confession should have been suppressed

---

1. Ind.Code § 35–42–1–1(1) (1993).

2. *Id.* § 35–50–2–11 (1996). Defendant pled guilty to the firearm enhancement.

because he did not waive his *Miranda* rights and his confession was not made voluntarily, intelligently, or knowingly.

 The trial court required the State to prove beyond a reasonable doubt that Defendant voluntarily and intelligently waived his constitutional rights and that his confession was voluntarily given before his statement would be admitted into evidence. The trial court determined that the State sustained that burden and denied Defendant's motion to suppress. "The decision whether to admit a confession is within the discretion of the trial judge and will not be reversed absent an abuse of that discretion." *Jones v. State*, 655 N.E.2d 49, 56 (Ind.1995), *reh'g denied.* When reviewing a challenge to the trial court's decision to admit a confession, we do not reweigh the evidence but instead examine the record for substantial probative evidence of voluntariness. *Id.*

 Judge Russell Sanders made an especially careful and complete set of findings and conclusions. The trial court first addressed the issue of Defendant's waiver of *Miranda* rights and found that the State established that the appropriate *Miranda* rights were read and Defendant knowingly and voluntarily waived those rights. The admissibility of a confession is controlled by determining from the totality of the circumstances whether the confession was made voluntarily and was not induced by violence, threats, or other improper influences that overcame the defendant's free will. *See Wilcoxen v. State*, 619 N.E.2d 574, 577 (Ind.1993). The same test determines whether *Miranda* rights were voluntarily waived. *See Gregory v. State*, 540 N.E.2d 585, 592 (Ind.1989). Thus, the voluntariness of a defendant's waiver of rights is judged by the totality of the circumstances. *See Allen v. State*, 686 N.E.2d 760, 770 (Ind.1997), *cert. denied*, 525 U.S. 1073, 119 S.Ct. 807, 142 L.Ed.2d 667 (1999). An express written or oral waiver of rights is not necessary to establish a waiver of *Miranda* rights. *See Hor-*

*an v. State*, 682 N.E.2d 502, 510 (Ind.1997), *reh'g denied.*

 As noted by the trial court, the State established that *Miranda* rights were read on at least two occasions. Defendant repeatedly said that he understood that he did not have to speak to the police. The record shows the police advised Defendant of his *Miranda* rights and Defendant stated he understood those rights and wished to give a statement. Defendant gave a statement to both detectives after acknowledging his rights and his understanding of those rights. The trial court noted that Defendant's conversations with Dwenger regarding *Miranda* rights were clear and detailed and he displayed an articulate and express understanding that he was waiving his rights. There was no evidence of violence, threats, promises, or improper influence. From this evidence, the trial court could properly conclude that Defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights.

 Next, the trial court looked at Defendant's assertion that his intoxication rendered his statement involuntary. The trial judge concluded that the effects of alcohol, if any, did not rise to the level necessary to prevent Defendant from giving an admissible confession. As the trial court noted, it is "only when an accused is so intoxicated that he is unconscious as to what he is saying that his confession will be inadmissible." *Williams v. State*, 489 N.E.2d 53, 56 (Ind.1986) (internal quotation marks omitted). "Intoxication of a lesser degree goes only to the weight to be given to the statement and not its admissibility." *Id.*

In this case, the trial judge noted that far from being unconscious, Defendant displayed awareness, organized thinking, and an understanding of what was transpiring. The trial court considered several aspects of evidence with regard to Defendant's intoxication. This evidence included a

reading of the statements that Defendant gave to Deputy, Dwenger, and other officers. The trial court also listened to the tape recordings of those statements and determined there was little difference between Defendant's voice on the tape and his testimony at the hearing. It considered the testimony given by Defendant and the arresting and interviewing officers at the hearing. In that testimony, the arresting officer and the three interviewing officers all testified that Defendant was sober. The record shows that when asked if he was sober by Dwenger, the Defendant responded, "yeh." The trial court made extensive inquiries into the available evidence and concluded that the evidence established beyond a reasonable doubt that Defendant understood the *Miranda* rights and knowingly and intelligently waived those rights despite the fact that he had been drinking and smoking marijuana earlier in the day.

On the basis of the foregoing, we find that the trial court did not abuse its discretion in denying Defendant's motion to suppress.

*Conclusion*

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM and RUCKER, JJ., concur.