Robert J. BASSETT, Jr., Appellant
(Plaintiff below),

v.

STATE of Indiana, Appellee
(Defendants below).

No. 03S00–0110–CR–548.

Supreme Court of Indiana.

Sept. 17, 2003.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

In this direct appeal, the defendant challenges his convictions on four counts of murder. Finding that hearsay evidence and testimony about the defendant's prior criminal acts were improperly presented to the jury, we reverse and remand for a new trial.

The defendant, Robert Bassett, was convicted of the 1998 murders of Jamie Engleking, her children Jessica Brown and Brandon Engleking, and Amanda Davis, a friend's daughter. He was sentenced to four consecutive terms of life without parole. The defendant contends that four items of evidence were improperly admitted at trial over his objection: (1) testimony of the victim's husband, Brandon Engleking, that the victim told him that the defendant had raped her and threatened to kill her and her children if she told anyone; (2) testimony by Brandon's aunt, Karen Carroll, that the victim was afraid that the defendant was going to kill her, her children, and Amanda Davis; (3) testimony of two women that the defendant, while on probation, had raped and threatened to kill them in separate incidents more than ten years before the charged offenses; and (4) a letter, written by Jamie and addressed to "Bob," in which she expresses her fear that she might be pregnant.

As to the victim's husband's testimony that the victim told him the defendant had raped her and threatened to kill her and her children if she ever told anybody, and the husband's aunt's testimony that the victim told her she was afraid of the defendant because he had threatened to kill her and her children, the defendant contends the trial court erroneously overruled his hearsay objections at trial. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is generally not admissible at trial. Evid. R. 802. Because the statements were offered to prove that the defendant had threatened the victim and that she was afraid of him, they are hearsay, and inadmissible unless they fall under an exception of the hearsay rule.

The State argues that these statements were properly admitted under the "state of mind" exception to the hearsay rule, Evidence Rule 803(3), as evidence of the relationship between the parties and of the defendant's motive. Br. of Appellee at 7–8. In relevant part, this exception provides that the hearsay rule does not exclude "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health)." Evid. R. 803(3).

Issues similar to those in the present case were presented in *Willey v. State,* 712 N.E.2d 434 (Ind.1999), and *Hatcher v. State,* 735 N.E.2d 1155 (Ind.2000). In *Willey* the trial court overruled hearsay objections and permitted testimony that the victim had told witnesses that she feared the defendant and that he had threatened to kill her. We observed that evidence

under the Rule 803(3) state of mind exception must be relevant to the issues in the case, Evid. R. 402, and that a victim's state of mind may be relevant where it has been put in issue by the defendant. After reviewing the record and concluding that the defendant had not put in issue his relationship with the victim, we held that "the State cannot bootstrap this evidence into admissibility by putting it in, forcing a denial, and then claiming it was put in issue by the defendant." *Willey,* 712 N.E.2d at 444. We concluded that the victim's fear of the defendant was not relevant to any issue in the case and that the trial court erred in allowing testimony regarding the defendant's threats and the victim's fear of him. In *Hatcher,* the trial court permitted a witness to testify that she heard the victim say she was afraid that the defendant was going to kill her. Again noting that the nature of a relationship may be relevant to show motive, we emphasized that motive is not an exception to the hearsay rule and held that it was error to admit the victim's hearsay statement.

The victim's statements to others that the defendant had threatened her were first revealed to the jury during the State's opening statement. The statements were then presented in evidence during the State's case in chief. The defendant later took the stand and denied ever having a romantic or sexual relationship with the victim. The victim's statements reflected her then-existing state of mind, *i.e.* her fear of the defendant, but the defendant was not the party who put his relationship with the victim into issue. As evidence of the victim's relationship with the defendant, an issue not raised by the defense, the statements were thus not admissible under the state of mind exception to the hearsay rule.

The State contends that the statements were also admissible because the defendant had been subject to parole revocation if he engaged in a romantic or sexual relationship without permission of his parole officer. Because the State's theory was that the defendant killed the victims to avoid parole revocation, it argues that "the victim's state of mind regarding their relationship" was relevant to motive, an issue in the case. Br. of Appellee at 9. We disagree. The victim's "state of mind, emotion, sensation, or physical condition," Evid. Rule 803(3), at issue was that of fear. The victim's possible thoughts "regarding their sexual relationship" are not mental or physical conditions within the state of mind exception, and her fear is not logically relevant to the defendant's motive.

We find that it was error to admit over the defendant's objections the testimony of the victim's husband and the husband's aunt regarding the victim's prior declarations that she feared the defendant or that the defendant had threatened her.

■ The defendant next contends that the trial court improperly permitted two women to testify that, while on probation, the defendant raped and threatened to kill them if they told anyone about the rape. *See* Record at 2283–84, 2325. One of the women said she was told that the defendant had a knife, and the other testified that he had a shotgun. *See* Record at 2325, 2286. These rapes and murder threats occurred in 1982 and 1986. The defendant unsuccessfully sought to exclude this evidence by a motion in limine and by a timely objection at trial, arguing that it violated Indiana Evidence Rules 404(b) and 403. The defendant reasserts these claim on appeal, and argues that this evidence is not relevant to motive or identity and that any probative value was outweighed by the resulting unfair prejudice.

The State responds that Rule 404(b) specifically permits proof of other crimes to show identity or motive. It argues that the two prior incidents were similar to the charged offenses because, when they occurred, the defendant was on probation and threatened to kill the victims to avoid detection and incarceration. Emphasizing that its theory was that the defendant killed the victims to avoid revocation of parole, the State urges that this evidence was not to prove that the defendant had a bad character but "it is evidence that the possibility of going back to prison was always on his mind." Br. of Appellee at 11. It asserts that this evidence makes it "more likely that this motive influenced his actions." *Id.*

▆▆▆ Indiana Evidence Rule 404(b) provides, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity or absence of mistake or accident. . . .

This rule prevents the State from punishing people for their character, and "evidence of extrinsic offenses poses the danger that the jury will convict the defendant because his 'general character' is bad or . . . he has a tendency to commit other crimes." *Gibbs v. State,* 538 N.E.2d 937, 939 (Ind.1989) (*quoting Williams v. State,* 489 N.E.2d 53, 55 (Ind.1986)). To decide whether character evidence is admissible under Rule 404(b), the trial court must: (1) determine whether the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the person's propensity to engage in a wrongful act; and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Ind. Evidence Rule 403. *Hauk v.*

*State,* 729 N.E.2d 994, 1001 (Ind.2000); *Monegan v. State,* 721 N.E.2d 243, 248 (Ind.1999).

We find that this testimony regarding the defendant's conduct twelve and sixteen years earlier, and not involving the present victim, does not bear sufficient similarities to support a reasonable inference that the person who engaged in the prior crimes against the two women is necessarily the one who committed the charged murders here. These were not "signature" crimes. As to the State's claim that the evidence is probative and relevant to the defendant's motive for the instant case, the probative value is also questionable. The State argues that the defendant's motive to threaten two women more than ten years earlier makes it more likely that this same motive influenced his actions in the present case. This is hardly different from arguing that the jury should convict the defendant because he has committed other crimes in the past, a rationale expressly rejected by our jurisprudence and known as the "forbidden inference." *See* 13 ROBERT LOWELL MILLER, JR., INDIANA PRACTICE § 404.201 (2d. ed.1995); *see also Garland v. State,* 788 N.E.2d 425, 429 (Ind.2003); *Bald v. State,* 766 N.E.2d 1170, 1173 (Ind.2002); *Oliver v. State,* 755 N.E.2d 582, 587 (Ind. 2001). We believe that the inference here is too strained and remote to be reasonable. The testimony regarding the defendant's prior crimes with two other women lacks probative value as proof of the charged crimes, and the defendant's objections should have been sustained.

The defendant's final contention is that the court erred in admitting, over his hearsay objection, a letter that the police found wadded up in the trash in the victim's apartment. It was not signed or dated, but was written by the victim and addressed to "Bob." The letter read:

Hey. How are you doing? Me alright I guess. I called this morning because I have a lot on my mind that I wanted to talk to you about and since you are too busy to talk to me on the phone I guess I have to write you. I don't understand you at all. You told me when we first started messing around that you was thrown off about the idea of me being able to get pregnant, but you told me if you do get me pregnant, that you will take care of it. Well now here I might be pregnant and now you are telling me you can't have kids. I don't f[* * *]ing understand. You tell me at first you can get a girl pregnant and now you can't, you are sterile. So what is the deal with that?

App. of Appellant at 300. The State argues that it was properly admitted under the state of mind exception to the hearsay rule. Again, it urges that "the victim's state of mind was relevant to the relationship between the parties and Defendant's motive for the crimes he committed." Br. of Appellee at 12. We previously addressed and rejected this claim. For the same reasons, we find that it was error to overrule the defendant's objection and admit this letter in evidence.

■ The State does not urge application of the doctrine of harmless error. A trial error may not require reversal where its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect a party's substantial rights. Ind. Trial Rule 61; *Stewart v. State*, 754 N.E.2d 492 (Ind.2001). Here, we cannot find that these errors were "harmless." Aside from the impermissible hearsay and character evidence discussed above, the record demonstrates that most of the evidence presented at trial was circumstantial, and is hardly overwhelming. Under the circumstances, we find that the impermissible and highly prejudicial evidence undoubtedly affected the defendant's substantial rights.

The judgment of the trial court is reversed and this case is remanded for a new trial.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.