STATE of Indiana, Appellant–Plaintiff,

v.

John LOVETT, Appellee–Defendant.

No. 32A04–0910–CR–558.

Court of Appeals of Indiana.

Feb. 18, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Richard Kammen, Mary Spears, Gilroy & Kammen, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

The State brought an interlocutory appeal of a pre-trial order declaring certain proposed State's evidence inadmissible as irrelevant or as hearsay. We accepted discretionary jurisdiction over the State's appeal, and find no reversible error in the trial court's pre-trial order.

### FACTS AND PROCEDURAL HISTORY

In 1987 and 1988, John Lovett had a romantic relationship with Tonya Pickett. On November 18, 1988, Pickett and her stepfather, Ricky Mustard, were murdered. Police investigated Lovett as a suspect at that time, but the State did not file any charges. Almost twenty years later, police opened a new investigation. In 2008, a grand jury indicted Lovett for the murders.

In 2009, the State requested a pre-trial ruling on the admissibility of approximately 168 letters and notes Pickett wrote to Lovett, two letters Pickett wrote to friends, and Pickett's datebook. The trial court concluded the letters were inadmissible hearsay and excluded the datebook as both irrelevant and hearsay. The trial

court certified its ruling for interlocutory appeal, and we accepted jurisdiction pursuant to Ind. Appellate Rule 14(B).[1]

## DISCUSSION AND DECISION

The trial court's preliminary determination was the datebook lacked relevance. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. Generally, relevant evidence is admissible, and irrelevant evidence is inadmissible. Evid. R. 402. In the criminal context, evidence is relevant if it tends to prove or disprove a material fact or sheds any light on the guilt or innocence of the accused. *Myers v. State*, 887 N.E.2d 170, 186 (Ind.Ct.App. 2008). A trial court has discretion to permit the admission of even marginally relevant evidence. *Id.* However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Evid. R. 403.

The court determined the letters written by Pickett, as well as the datebook, contained inadmissible hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. Evid. R. 801(c). Hearsay is not admissible except as provided by law or by the evidence rules. Evid. R. 802. In deciding whether to admit an out-of-court statement, a trial court must determine if the statement is hearsay, and, if so, whether a hearsay exception makes the statement admissible. *Camm v. State*, 908 N.E.2d 215, 226 (Ind. 2009).

A trial court's determination regarding admission of evidence based on relevance, probative value, and prejudice "is a highly fact sensitive inquiry." *Cox v. State*, 696 N.E.2d 853, 862 (Ind.1998) (discussing interaction of admission of evidence upon conditional fact under Evid. R. 104(b) and Rules 402 and 403). Accordingly, we review such decisions only for an abuse of discretion. *Id.* We also review a trial court's decisions regarding admissibility under the hearsay rule and its exceptions for an abuse of discretion. *See Camm*, 908 N.E.2d at 225.

Thus, the two grounds—relevance and hearsay—on which this trial court entered a preliminary order that excluded the State's proposed evidence are decisions we may reverse only for an abuse of discretion. An abuse of discretion occurs when

---

1. Indiana law permits the State of Indiana to appeal in only six circumstances. *See* Ind. Code § 35-38-4-2 (listing circumstances in which State may appeal). Only two of those six could be relevant in this case:

   (5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

   (6) From any interlocutory order if the trial court certifies and a court on appeal or a judge thereof finds on petition that:

   (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

   (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

   (C) the remedy by appeal after judgment is otherwise inadequate.

   *Id.* The State's petition requesting we accept jurisdiction over its appeal appears to rely on all three of the grounds listed in the sixth circumstance. We have found no allegation by the State, either before the trial court or in its motion to us, suggesting the court's preliminary order rendered the State incapable of proceeding with prosecution.

a decision is clearly against the logic and effect of the facts and circumstances before the court. *Washington v. State*, 784 N.E.2d 584, 586 (Ind.Ct.App.2003). We will not reverse for erroneous admission or exclusion of evidence unless a substantial right of the party is affected. Evid. R. 103(a). *See also* App. R. 66 (reversal unavailable for harmless errors that do not "affect the substantial rights of the parties"). To determine the impact on an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *Sparkman v. State*, 722 N.E.2d 1259, 1262 (Ind.Ct.App.2000).

■ This case, however, has not been presented to a jury. Instead, the State is challenging the exclusion of evidence pursuant to a preliminary order entered in response to the State's pre-trial motion *in limine*.[2] "The function of a motion *in limine* is not to obtain a final ruling on the admissibility of evidence." *Remsen v. State*, 495 N.E.2d 184, 189 (Ind.1986). Rather, it "is meant to protect against potential prejudicial matter coming before the jury until the trial court has an opportunity to rule upon its admissibility in the context of the trial itself." *Hare v. State*, 467 N.E.2d 7, 13 (Ind.1984).

Accordingly, with a timely request from the State, the trial court will decide again, in the context of trial, the admissibility of the letters and datebook. *See, e.g., Burks v. State*, 838 N.E.2d 510, 517 n. 6 (Ind.Ct. App.2005) ("ruling on a motion *in limine* does not serve as the ultimate determination on admissibility"), *trans. denied*. At

that time, the court presumably will have before it more than just the pieces of evidence about which the State requested a preliminary ruling; the parties will likely have presented additional evidence and arguments that could impact the trial court's final decision regarding the admissibility of this evidence. In *Thompson v. State*, 690 N.E.2d 224 (Ind.1997), our Indiana Supreme Court held a conviction should be reversed and remanded due to the erroneous admission of evidence at trial; in his separate opinion that concurred with the majority's decision, Chief Justice Shepard explained:

> I join fully in the majority opinion, but write separately to make an observation pertinent to the second trial. While we have reversed on the basis of evidence improperly admitted during the State's case in chief, it might turn out that discrete pieces of this evidence would be admissible as rebuttal. What particular parts of this mass might be fair rebuttal will, of course, depend on how the two parties elect to shape the presentation of their principal cases.

*Id.* at 238 (Shepard, C.J., concurring in full with separate opinion). Similarly, herein, the admissibility of these pieces of evidence at Lovett's trial will depend on the evidence presented by the State prior to offering this evidence, the foundation laid for each piece of evidence, and any missteps by the parties that may open the door for the presentation of some hearsay or that may render it inadmissible. *See, e.g., Bassett v. State*, 795 N.E.2d 1050,

---

2. When parties contest the admissibility of evidence, the party offering the evidence, here the State, has the burden to demonstrate its admissibility. *See, e.g., Allen v. State*, 813 N.E.2d 349, 364 (Ind.Ct.App.2004) (no error in exclusion when defendant "has not argued the admissibility of the evidence in accordance with any of the well-known exceptions to the hearsay rule"); *Bryant v. State*, 802 N.E.2d 486, 496 (Ind.Ct.App.2004) ("an offer of proof should identify not only anticipated testimony, but also the grounds on which the evidence is believed to be admissible"); *Curley v. State*, 777 N.E.2d 58, 61 (Ind.Ct.App. 2002) ("As the party offering the test results, Curley bore the burden of laying the foundation for admitting the results....").

1052 (Ind.2003) (noting "a victim's state of mind may be relevant where it has been put in issue by the defendant").

For example, the State asserts the letters should not be deemed inadmissible simply because they are undated, as the letters contain assertions that "could be used to establish when the letters were written." (Appellant's Br. at 7.) The State claims "facts could be established by school records" or by testimony, so that we could know when Pickett moved to a "new house" or got a "new job." (*Id.*) "Such factors, if an adequate foundation were presented to establish the timing of the stated facts, provide a relevant time frame for the letters." (*Id.*)

■ We cannot disagree with the State that there exists a possibility that circumstantial evidence *could* demonstrate when Pickett wrote some of the letters. Nor can we disagree with the State's suggestion that presentation of foundational evidence demonstrating the date on which Pickett wrote a particular letter *might* increase the relevance of that letter for proving a material fact at trial. Nevertheless, the State's own argument demonstrates the trial court had not received such foundational evidence before it ruled on the motion *in limine*. As the State, in essence, admits it did not provide adequate foundation for the admission of the letters, the State's simultaneous assertion that the trial court erred by declining to find the letters admissible is perplexing.

■ The trial court concluded the datebook "does not make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evi-

dence." (App. at 135–36.) The State argues the datebook is relevant because, of all the days in the datebook, Pickett failed to write "John" only on the five days prior to the murder, which the State asserts "is relevant to establish that [Pickett] ended her relationship with Defendant shortly before her death." (Br. of Appellant at 12.) However, without any foundational evidence indicating how frequently Pickett recorded information in the datebook or how reliably the recorded information reflected Pickett's daily activities, we cannot say the trial court erred when it determined the State had not demonstrated the datebook was relevant to any question of material fact.

The grounds for exclusion herein—relevance, the hearsay rule, and hearsay exceptions—are matters left to the trial court's sound discretion as exercised within the context of all the other evidence presented at trial.[3] *See, e.g., Cox,* 696 N.E.2d at 862 (whether evidence is admissible as relevant and probative, but not prejudicial, "is a highly fact sensitive inquiry"). We cannot determine, on the record before us, that the challenged evidence absolutely will be relevant to an issue of fact during trial or, if relevant, that its probative value outweighs the other considerations for which a trial court must account under Evid. R. 403. *See, e.g., Thompson,* 690 N.E.2d at 238 (Shepard, C.J., concurring) ("What particular parts of this mass might be fair rebuttal will, of course, depend on how the two parties elect to shape the presentation of their principal cases.") Harmful error, if any, will occur when the court makes its decision during trial. *See Remsen,* 495 N.E.2d

---

3. In contrast, courts can declare as a matter of law before trial whether evidence is admissible or inadmissible based on an alleged constitutional violation. *See, e.g., Figert v. State,* 686 N.E.2d 827 (Ind.1997) (excluding evi-

dence collected in violation of 4th Amendment when defendant brought interlocutory appeal of trial court's denial of motion to suppress evidence).

at 189 ("Harmful error, if any, occurs ... at trial.").

The State has not demonstrated the trial court's order was an abuse of discretion, and we accordingly affirm.

Affirmed.

BAILEY, J., and BARNES, J., concur.