## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2016, 9:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jack Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse T. Buchanan, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | July 15, 2016 <br><br> Court of Appeals Case No. 18A04-1506-CR-712 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Marianne L. Vorhees, Judge <br><br> Trial Court Cause No. 18C01-9304-CF-26 |

**Bailey, Judge.**

# Case Summary

Jesse T. Buchanan ("Buchanan") was convicted of Battery, as a Class C felony, in 1994.[1] We granted him permission to pursue a belated appeal of his conviction under Post-Conviction Rule 2.

We affirm.

# Issues

Buchanan raises a single issue for our review, whether there was sufficient evidence from which the trial court could conclude that the State rebutted his claim of self-defense.

In its brief, the State raises a threshold issue, whether Buchanan's challenge to the sufficiency of the evidence is barred as *res judicata*.

# Facts and Procedural History

In the spring of 1993, Garrett Rowe ("Rowe") was dating Buchanan's sister. Rowe had struck Buchanan's sister, and she told her mother that Rowe intended to do the same to Buchanan. Buchanan became aware of the apparent

---

[1] Ind. Code § 35-42-2-1(a)(3) (1993). Because of the age of Buchanan's conviction, we refer throughout to the substantive provisions of the Indiana Code applicable at the time of trial.

threat, and eventually Rowe became aware that Buchanan had decided to look for him.

[6] On April 21, 1993, Rowe was at the home of Herman Jeeters, a known spot for people to get together to drink and have a good time. Rowe and a friend were smoking cigarettes on the front porch of the home when Buchanan's car stopped in front of the house. Seeing Buchanan pull up, and aware that Buchanan was looking for him, Rowe thought, "I guess it's time to fight" (Tr. at 14), and started to walk toward Buchanan. Buchanan got out of the car, and the two men were about twenty to twenty-five feet apart.

[7] Buchanan said, "man, why you hitting my sister?" (Tr. at 14-15.) Rowe started to reply when Buchanan began to fire his gun. Rowe turned to run. Buchanan fired between four or six shots. Two of the bullets struck Rowe's right leg: one struck the calf, the other struck the thigh. Buchanan then drove away.

[8] On April 22, 1993, the State charged Buchanan with one count of Aggravated Battery, as a Class B felony.[2] A bench trial was conducted on April 5, 1994. At the conclusion of the trial, the court found Buchanan not guilty of Aggravated Battery, but instead found him guilty of Battery. On May 5, 1994, the trial court conducted a sentencing hearing, entered judgment against Buchanan, and took the matter under advisement. On July 14, 1994, the trial court sentenced Buchanan to two years imprisonment with credit for time served, and ordered

---

[2] I.C. § 35-42-2-1.5 (1991).

the remainder Buchanan's sentence served through community corrections. The court also ordered Buchanan to pay restitution to Rowe for his medical expenses.

[9] On February 16, 1995, Buchanan's community corrections placement was revoked, and he was ordered to serve the remainder of his term in the Indiana Department of Correction. He subsequently completed his sentence and was discharged from the Department of Correction on September 5, 1995.

[10] In the ensuing two decades, Buchanan, proceeding pro se, sought on several occasions to have his conviction vacated or reversed, including requests to file a belated appeal and a petition for post-conviction relief. In 2009, Buchanan was denied post-conviction relief.

[11] On May 21, 2015, Buchanan sought permission from the Delaware Circuit Court No. 1 to file a belated notice of appeal under Post-Conviction Rule 2, and to file a belated appeal from the denial of his petition for post-conviction relief and an associated motion to correct error. The court granted Buchanan permission to seek a belated appeal on May 26, 2015, and Buchanan filed his notice of appeal on June 16, 2015. On June 22, 2015, this Court notified the trial court that the scope of any appeal would be limited only to a direct appeal from the conviction in 1994. Counsel was subsequently appointed for Buchanan. This appeal ensued.

# Discussion and Decision

# Whether Buchanan's Contentions are Barred as *Res Judicata*

[12] In its appellee's brief, the State contends as a threshold issue that Buchanan's designated issue on appeal is barred because he raised his sufficiency challenge as a free-standing issue in post-conviction proceedings. Characterizing Buchanan as in the "reverse" position of one who attempts in post-conviction proceedings to re-litigate issues available for and/or presented upon direct appeal (State's Br. at 12), the State argues that claim preclusion bars Buchanan's presentation of the sufficiency question in the instant appeal.

[13] For a claim to be barred as *res judicata* under claim preclusion, four requirements must be met:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008) (quoting *Afolabi v. Atl. Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006)).

[14] The State is correct that Buchanan is in some sense in an inverse position from the typical post-conviction petitioner. This, however, does not in itself result in claim preclusion. The State contends that the post-conviction court, in considering Buchanan's ineffective assistance of counsel claims, necessarily

evaluated the question of the sufficiency of the evidence and, on the merits, determined that issue in an adverse manner. As a result, the State suggests, the designated issue on appeal is barred.

[15] This approach puts the cart before the horse. In a post-conviction proceeding, the petitioner cannot raise freestanding questions for the trial court's review. Rather, the scope of a post-conviction procedure is generally limited to the grounds set forth under Post-Conviction Rule 1(1)(a). *Timberlake v. State*, 753 N.E.2d 591, 597-98 (Ind. 2001) (observing "most free-standing claims of error are not available in a post-conviction proceeding because of the doctrines of waiver and res judicata). The post-conviction court here recognized this limitation and declined to address directly the merits of the sufficiency claim:

> The "fundamental error" doctrine does not apply in this case. Buchanan could have challenged his conviction in a direct appeal and did not do so. This petition is not based on newly-discovered evidence. Therefore, the Court declines to review the sufficiency of the evidence for Buchanan's conviction under the "fundamental error" doctrine.

(App'x at 266.)

[16] The post-conviction court elsewhere in its order addressed issues relating to witness credibility, but it did so in considering a collateral attack upon the conviction on the basis of ineffectiveness of trial counsel. The post-conviction court did not, however, directly address the merits of Buchanan's sufficiency

claim, which Buchanan never presented upon a direct appeal.[3] Rather, this *is* the direct appeal. The merits of the sufficiency claim were not addressed by the post-conviction court, thus precluding a conclusion that Buchanan's claim on appeal is *res judicata*.

[17] We thus conclude that Buchanan's sufficiency claim is not barred as *res judicata*, and proceed to consider the merits of his challenge.

## Sufficiency of the Evidence as to Self-Defense

[18] Buchanan's challenge to his conviction is that there was insufficient evidence from which the trial court judge could conclude beyond a reasonable doubt that the State disproved his self-defense claim. We review such challenges under the same standard as any sufficiency of the evidence claim. *Boyer v. State*, 883 N.E.2d 158, 162 (Ind. Ct. App. 2008). We will not disturb the judgment if there is sufficient evidence of probative value to support the trier of fact's conclusion. *Id.* Thus, we will reverse "only if no reasonable person could say the State disproved self-defense beyond a reasonable doubt." *Id.* (citing *Taylor v. State*, 710 N.E.2d 921, 924 (Ind. 1999)). In conducting our review, we neither reweigh evidence nor judge witness credibility. *Id.*

---

[3] Indeed, had the post-conviction court reached the merits of the claim, the court would have stepped outside the purview of its authority under our Post-Conviction Rules.

[19] At the time of Buchanan's conviction, the Indiana Code defined self-defense as follows:

> A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony.

I.C. § 35-41-3-2(a) (1979). When a defendant raises a self-defense claim, "the State must disprove at least one of the following elements beyond a reasonable doubt: 1) the defendant was in a place where she had a right to be; 2) the defendant was without fault; and 3) the defendant had a reasonable fear or apprehension of bodily harm." *Boyer*, 883 N.E.2d at 162 (citing *White v. State*, 699 N.E.2d 630, 635 (Ind. 2009)). The State may accomplish this by affirmatively showing the defendant did not act to defend himself or by relying on evidence elicited in its case-in-chief. *Id.*

[20] The evidence that favors the judgment is that Buchanan and Rowe were aware that each wished to harm the other. While Rowe and a friend were sitting on the porch of Herman Jeeters's house, Buchanan's car stopped and Buchanan opened the door and got out of the vehicle. Rowe testified that as the two men approached one another, Buchanan had an Army jacket over one of his hands. That hand was already holding a gun. Buchanan admitted during his testimony that he had obtained the gun only the day before the shooting.

[21] Rowe testified that Buchanan said, "man, why you hitting my sister?," and that he was unable to respond with more than "hold it, Ty. It ain't like—" before Buchanan started firing the gun. (Tr. at 14-15.) Several witnesses testified that Buchanan fired the gun from four to six times, and a police investigator retrieved four spent bullet casings of matching caliber from the scene. Rowe testified that one of the shots landed near his feet and that he ran away in response, but Buchanan kept shooting, twice striking Rowe's right leg—once in the calf, and once in the thigh. Firing multiple shots undercuts a claim of self-defense. *Cooper v. State*, 854 N.E.2d 831, 838 (Ind. 2006).

[22] Taken together, this is sufficient evidence from which a reasonable fact-finder could conclude that Buchanan acted as an aggressor and, whatever his concerns, was not in reasonable fear or apprehension of bodily harm from Rowe. To the extent Buchanan directs our attention to other testimony, we decline his invitation to reweigh the evidence.

# Conclusion

[23] Buchanan's appeal is not barred as *res judicata*. There was sufficient evidence from which the trial court could conclude beyond a reasonable doubt that Buchanan did not act in self-defense and that the State carried its burden of disproving Buchanan's claim in that regard.

[24] Affirmed.

Bradford, J., and Altice, J., concur.