Ronald GLENN, Appellant,

v.

STATE of Indiana, Appellee.

No. 985S370.

Supreme Court of Indiana.

June 4, 1986.

464

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Burglary, a Class B felony, and Theft, a Class D felony. Appellant was sentenced to a total of twenty (20) years.

The facts are: Linda Newton, a neighbor of Ruth Eldridge, saw an unfamiliar automobile parked in Eldridge's driveway. She noted there were a driver and two passengers in the car. She observed three persons looking around Eldridge's home. Two of them looked through a privacy fence then helped each other to look over the top of the fence. Mrs. Newton called Mrs. Adsit, another neighbor, and they decided to call the Sheriff. Mrs. Newton then noted that one man inside the fence received a log from his partner outside the fence. She heard a crashing sound and the breaking of glass. The garage door was raised and the automobile was backed into the garage and the door was lowered. Five minutes later the garage door opened and the car drove away rapidly.

It was established that appellant did not have permission to enter the home or to take any property. Marion County Deputy Sheriff Dennis Hammer responded to the call which included a description of the automobile. He pursued the automobile and attempted to stop it but the driver drove across the sidewalk in an attempt to escape. The driver found himself in a backyard with no escape. The suspects fled on foot into a cornfield.

Officers, using a helicopter and a canine unit, eventually found appellant lying on the ground in the cornfield where he was arrested. He was wearing clothing fitting the description given at the time the police were called. A hedge trimmer and a shop utility light belonging to the Eldridges were recovered in the automobile.

In a statement to the police, appellant said he had come to the Eldridge home with Rodney Jefferson and Raymond Harris and that they had chosen the house in question because it looked as though no one was home. He said they left the home when they heard sirens. Before making a statement to the police, appellant signed an advisement of rights/waiver form.

■ Appellant claims the trial court erred in the admission of the statements made by him to law enforcement officers. He also claims it was reversible error for the court to allow the officers to testify concerning any statements made by him. He claims his statements were not made voluntarily.

Appellant was read his full *Miranda* rights and warnings and stated that he understood those rights. He nevertheless proceeded to make his statement to the officers. Appellant's videotaped confession taken under these circumstances was properly admitted. *Roell v. State* (1982), Ind., 438 N.E.2d 298. In addition to the videotape, there was a tape recording made of the statement and a typewritten copy of the statement, both of which were properly admitted.

Appellant claims he only had an eighth grade education and that he was able to write his name and to read some words. He recognizes that low mentality alone does not render a statement inadmissible. *Finchum v. State* (1984), Ind.App., 463 N.E.2d 304. However, he claims that lack of education and lack of knowledge should be considered under the totality of the circumstances in determining whether his waiver was knowingly and voluntarily given.

We see nothing in the record from which to draw such a conclusion. It is true appellant was relatively uneducated and virtually illiterate; however, his rights were carefully explained to him after which he stated he understood the explanation. There is no indication in the record that the police officers took advantage of appellant's lack of education in taking his statement.

■ Appellant claims the trial court erred in refusing his motion for a continuance after denying his motion to suppress. The denial of a motion for continuance is reversible error only if the denial is an abuse of discretion demonstrated by a showing of prejudice. *Harris v. State* (1981), Ind., 427 N.E.2d 658.

■ As to appellant's motion to suppress the evidence, his motion was addressed to the evidence above discussed. The trial court was correct in overruling the motion to suppress. There is no showing of any prejudice resulting by the trial court's refusal to grant a continuance following his ruling on the suppression motion. In fact, the record shows that appellant withdrew his motion for a continuance. We find no error either in the denial of the motion to suppress or the denial of the motion for a continuance.

■ Appellant claims the trial court committed reversible error in enhancing his sentence on each count. He claims the trial court did not properly explain the aggravating circumstances for the sentence enhancement. The judgment of the trial court appears on page 173 of the transcript. We are at a loss to divine the trial court's true finding from this entry. After reciting that he has heard evidence and that he is applying Ind.Code § 35–50–1A–7 (sic) and reciting that appellant is in need of rehabilitative treatment that can only be provided in a penal facility, he proceeds to state "[t]hat there are no aggravating or mitigating factors." We cannot determine from this order book entry what the true finding of the court is in regard to the enhancement of the sentence.

When we turn to the transcript of the sentencing hearing, starting at page 627, we find statements made by the trial judge which comply with the statute and would justify the giving of an enhanced sentence; however, the remarks made at that time are not accurately reflected in the official judgment of the court. We therefore have no choice but to remand this cause to the trial court for a redetermination of the sentence and the making of an order book entry which correctly reflects the intention of the trial court.

■ Appellant claims there is insufficient evidence to support the finding that he committed the offenses of Burglary and Theft. Appellant recognizes this Court will not reweigh the evidence nor judge the credibility of witnesses, citing several cases, including *Feliciano v. State* (1985), Ind., 477 N.E.2d 86, after reciting the above facts. However, he points to various statements made by the State's witnesses as to who had on a hat, who had on a maroon jacket and who went over the fence. Appellant claims this is insufficient evidence to prove that he entered the Eldridge dwelling with the intent to commit a felony. He claims the evidence is merely circumstantial and does not logically infer his guilt. We hold the evidence in this case is fully sufficient to support the verdict of the jury.

Appellant claims the judgment against him is contrary to law because he was denied his lawful presumption of innocence. Although appellant cites cases for the abstract proposition of law that a defendant must be presumed innocent, he does not tie those cases to the facts in the case at bar. We find nothing in the record to indicate that appellant was denied the presumption of innocence during the trial.

This cause is remanded to the trial court for correction of the judgment. The trial court is in all other things affirmed.

All Justices concur.