**William Douglas WILCOXEN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 10S00–9112–CR–00963.**

Supreme Court of Indiana.

Aug. 25, 1993.

Vicki L. Carmichael, Chief Public Defender, Jeffersonville, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received an enhanced sentence of sixty (60) years.

The facts are: On the evening of January 12, 1991, and the early morning hours of January 13, appellant and some of his friends toured several bars in Clark County. In Bill's Lounge, also known as River Falls Lounge, appellant came in contact with Kathy Chism Shetler, the victim in this case, David Shetler, the husband of the victim, David's aunt, Doris Hall, and her two daughters. The victim's companions, with the exception of the aunt, all left, including her husband.

After the husband left, appellant approached the victim and the aunt and asked them to dance, which both women did. When the bartender gave the "last call" prior to closing, the victim's aunt went to warm up her car, and the victim told her to wait for her. However, after the aunt waited for quite some time and the victim had not appeared, the aunt left. The victim's friend, Regina Thompson, testified that she saw the victim and appellant walking down the street from the bar toward the Ohio River. A few minutes later she saw them together on an overlook by the river.

In his statement to police, appellant told them he walked to the river with the victim. When they decided to go under the overlook he preceded the victim, and when he turned around under the overlook, he observed her approaching him with a knife. He said he managed to wrest the knife from her and throw it away. He then beat the victim and ran from the scene.

Prior to giving the statement to the police, appellant had told his friend, Kenneth Thompson, and his roommate that he and the victim had gone under the overlook to have sex. When each of them had partially removed their clothing, she pulled a knife and demanded his wallet. He said he grabbed the knife, threw it toward the river, then grabbed "sticks and stuff" and started hitting her. He said he "just went nuts."

After hearing appellant's story, his roommate and Thompson drove to the scene to find the victim; however, they were unsuccessful. They returned to the house and told appellant they had not found the victim. Appellant then returned to the scene with the two men and the victim's body was found. The men went to a telephone booth, called the police, and waited at the scene for the police to arrive. Appellant was taken to the police station and after being questioned, a breathalyzer test which was administered at approximately 8:30 a.m. showed an .08% blood alcohol content.

Appellant claims the trial court erred in denying his motion for appointment of a special prosecutor. Appellant cites Ind.Professional Conduct Rule 3.7 which states that a lawyer is prohibited from acting as an advocate at a trial in which he is likely to be a necessary witness. During the course of the police investigation, shortly after the discovery of the victim's body, the police conducted a search of the area for the knife which appellant claimed he had taken from the victim.

The prosecuting attorney was at the scene and aided in the search for the knife. A videotape was made by the police during this period and the voice of the prosecuting attorney could be heard commenting on the case and the fact that they could not find the knife appellant claimed the victim had. The prosecutor's voice also could be heard commenting on the condition of the victim. Among other things, he could be heard to say, "Look at this mud under the waist.... This means he drug her down here...."

Appellant takes the position that because of the prosecutor's remarks and his participation in the investigation, he was a potential witness for the defense and therefore under the rule should have been prohibited from participating as an advocate. The tape was introduced in evidence; however, the record is unclear whether it was actually played for the jury. The trial judge ruled if it was to be played to the jury that the sound portion on the tape would not be heard by them. The judge further ruled that the prosecuting attorney's involvement was not sufficient to cause him to be a potential witness. Defense counsel also moved for a mistrial because of the prosecutor's involvement. The trial court overruled the motion.

■ The trial judge also ruled that the State would not be allowed to ask questions concerning the Deputy Prosecutor's participation in the search for the knife nor would he be allowed to argue in his closing statement to the jury concerning any part of his participation in the investigation. Indiana Code § 33–14–1–6 provides for appointment of a special prosecutor under certain conditions. To be disqualified to act as an advocate in a case, it must be shown that the attorney would be a necessary witness for one of the parties and that his testimony would be significantly useful to that party. *Jackson v. Russell* (1986), Ind.App., 498 N.E.2d 22.

■ In the case at bar, the knife sought was never found and the trial judge ruled that the prosecutor's comments on the videotape could not be heard by the jury nor could his comments concerning the condition of the victim's body or his conclusory statements as to how the body arrived at the location in which it was found. The fact that the knife was not found and the condition of the body was evidence presented by the State by investigating police officers. There was nothing about the prosecutor's participation that would make him a necessary witness for the defense. The trial court did not err in refusing to appoint a special prosecutor.

Appellant claims the trial court erred in denying his motion for a change of judge made pursuant to Ind.Code § 35–36–5–1. The statute provides in part:

"In any criminal action, either the defendant or the state is entitled as a substantive right to a peremptory change of venue from the judge without specifically stating the reason."

However, Ind.Crim.Rule 12 provides in pertinent part:

"[A] motion for change of judge ... shall be verified or accompanied by an affidavit signed by the Criminal Defendant or the Prosecuting Attorney setting forth facts in support of the statutory basis or bases for the change."

Appellant concedes that this Court has held that the rule being a procedural rule takes precedence over the procedural statute. *State ex rel. Gaston v. Gibson Cir. Ct.* (1984), Ind., 462 N.E.2d 1049. Appellant cites Justice Hunter's dissent in *Gaston* in which he stated he believed the majority holding created a serious constitutional anomaly relating to a change of venue. However, this Court remains unconvinced that the ruling in *Gaston* was improper.

■ In the case at bar, appellant did not allege any bias or prejudice on the part of the trial judge but relied solely upon the statute and argues that the failure to enforce the statute denies him equal protection in that the State may choose its judge by choice of filing of the case, whereas a defendant under the rule, as opposed to the statute, has no such choice. This Court sees no reason to deviate from the holding

in *Gaston.* The trial court did not err in refusing to grant the change of judge.

■ Appellant claims the trial court erred in refusing to suppress his statement to the police. He takes the position that he was too intoxicated to give a voluntary statement to the police. Appellant cites the fact that he had been drinking heavily all evening, both beer and cinnamon schnapps, and that for at least seven hours prior to the incident and at least twenty hours prior to being questioned he had not slept. All witnesses including the investigating police officers testified that appellant in fact had been drinking but that he was able to tell his friends what happened, to return to the scene with them to show them where the victim's body was, and that he talked freely and lucidly to the police.

■ Evidence showed that the homicide had occurred at approximately 3:30 a.m. The police officers testified that they gave appellant a breathalyzer test at 8:39 a.m., and at that time, he tested .08% blood alcohol content. Before the interrogation had started, appellant had been read his *Miranda* rights, had stated that he understood them, and had signed a waiver of those rights. This occurred shortly after 6:30 a.m. When a defendant challenges the admissibility of a confession, the State has the burden to prove beyond a reasonable doubt that from the totality of the circumstances the confession was made voluntarily and was not induced by violence, threats, promises or other improper influences that overcame the defendant's free will. *Evans v. State* (1990), Ind., 563 N.E.2d 1251, *mod. on other grounds on reh.,* (1992), 598 N.E.2d 516; *Roell v. State* (1982), Ind., 438 N.E.2d 298.

■ In reviewing the voluntariness of a confession on appeal, this Court will not reweigh the evidence. The decision of the trial court will be affirmed if there is substantial evidence of probative value to support the finding of voluntariness. *Id.*

In the case at bar, every witness testified that appellant seemed to be in control of himself even though he had been drinking. We see nothing in this record to override the trial court's decision that appellant was not so intoxicated as to prevent him from making a voluntary statement.

■ Appellant claims the trial court erred by allowing alternate jurors to retire to the jury room without appellant's consent during deliberations. As conceded by appellant, this Court held in *Reichard v. State* (1987), Ind., 510 N.E.2d 163, that an alternate juror may accompany the other jurors to the deliberation room as long as the court instructs him that he is not to participate in the deliberations unless it becomes necessary for him to replace one of the jurors.

Appellant argues that the Court of Appeals reached the opposite result in *Hill v. State* (1977), 173 Ind.App. 232, 363 N.E.2d 1010 and that this Court has never expressly overruled that case. However, in addition to *Reichard, see also Blacknell v. State* (1987), Ind., 502 N.E.2d 899 and *Johnson v. State* (1977), 267 Ind. 256, 369 N.E.2d 623, *cert. denied,* 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791. The trial court did not err in permitting the alternate jurors to attend the deliberations.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.