Michael O. RINGO, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 28S00–9804–CR–218.

Supreme Court of Indiana.

Oct. 18, 2000.

---

7. IND. CODE § 35–50–2–5.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janice Brown Mallett, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Michael Ringo was convicted of Murder. He appeals, arguing that his confession was improperly admitted into evidence. We find that the trial court properly denied Defendant's motion to suppress his confession.

We have jurisdiction over this direct appeal because the longest single sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

### Background

The facts most favorable to the verdict show the victim, Larry Ringo, was last seen alive on February 10, 1997. Defendant Michael Ringo, the victim's brother, was reported missing on February 25, 1997. On February 27, 1997, Defendant was located in a motel in Lafayette. When contacted by the police, Defendant refused to leave the motel room resulting in a standoff. At approximately 3:10 a.m. on February 28, 1997, the State Police Emergency Response Team removed the door of the motel room and entered. Defendant was apprehended and escorted out into the parking lot. Upon being placed in a police vehicle, Defendant was read his *Miranda* rights and then transported to the Tippecanoe County Detention Center and booked.

Detectives David Reed and James Richardson interviewed Defendant. Both officers testified that Defendant was alert and responsive, had no problem walking or speaking, was able to understand their questions, and provided detailed answers. Defendant was again advised of his *Miranda* rights and signed a waiver of rights form. Defendant then confessed to killing the victim.

On September 15, 1997, Defendant filed a motion to suppress his statement argu-

ing his statement was not proceeded by a knowing and voluntary waiver of *Miranda* rights. On December 9, 1997, the trial court held a hearing on Defendant's motion to suppress. On January 14, 1998, the trial court denied Defendant's motion.

The State charged Defendant with Murder.[1] On February 6, 1998, a jury found Defendant guilty. The trial court imposed a sentence of 65 years for murder. Defendant appeals.

We will recite additional facts as needed.

### Discussion

Defendant's sole contention on appeal is that the trial court committed reversible error by denying his motion to suppress his statement to the police.

Several standards govern our review. First, the State bears the burden of proving beyond a reasonable doubt that the defendant voluntarily and intelligently waived his rights, and that the defendant's confession was voluntarily given. *Schmitt v. State,* 730 N.E.2d 147, 148 (Ind.2000) (citing *Berry v. State,* 703 N.E.2d 154 (Ind. 1998) (citing in turn *Owens v. State,* 427 N.E.2d 880 (Ind.1981))). Second, where that standard has been met, [t]he decision whether to admit a confession is within the discretion of the trial judge and will not be reversed absent an abuse of that discretion. *Jones v. State,* 655 N.E.2d 49, 56 (Ind.1995), *reh'g denied.* And third, when reviewing a challenge to the trial court's decision to admit a confession, we do not reweigh the evidence but instead examine the record for substantial probative evidence of voluntariness. *Carter v. State,* 730 N.E.2d 155, 157 (Ind.2000).

### I

The first question that must be addressed is whether Defendant waived his *Miranda* rights. A waiver of one's *Miranda* rights occurs when the defendant, after being advised of those rights

---

**1.** Ind.Code § 35–42–1–1(1) (1993).

and acknowledging that he understands them, proceeds to make a statement without taking advantage of those rights. *See Speed v. State,* 500 N.E.2d 186, 188 (Ind. 1986). The admissibility of a confession is controlled by determining from the totality of the circumstances whether the confession was made voluntarily and was not induced by violence, threats, or other improper influences that overcame the defendant's free will. *See Wilcoxen v. State,* 619 N.E.2d 574, 577 (Ind.1993). The same test determines whether *Miranda* rights were voluntarily waived. *See Gregory v. State,* 540 N.E.2d 585, 592 (Ind.1989). Thus, the voluntariness of a defendant's waiver of rights is judged by the totality of the circumstances. *See Allen v. State,* 686 N.E.2d 760, 770 (Ind.1997), *cert. denied,* 525 U.S. 1073, 119 S.Ct. 807, 142 L.Ed.2d 667 (1999). A signed waiver form is one item of evidence showing the accused was aware of and understood his rights. *Id.* When challenged, the State may need to show additional evidence tending to prove that Defendant's waiver and decision to speak were voluntary. *Id.*

██ The testimony at the suppression hearing supports the finding that beyond a reasonable doubt Defendant had been fully advised of his rights and he voluntarily waived those rights. During the hearing, the State showed that the appropriate *Miranda* rights were read on at least two occasions and in addition Defendant signed a waiver of rights form. During the taped statement, Detective Reed asked Defendant, "You remember in the car at the motel I advised you of your rights, do you remember that?" Defendant answered, "Yes." (R. at 552.) Next, Detective Richardson read the waiver of rights form to Defendant and concluded by asking Defendant, "Do you understand those rights?" Defendant responded, "Yes, Sir." (R. at 553.) Defendant then signed the waiver of rights form.

Defendant followed this exchange with a very detailed account of what happened on the day of the murder. After reiterating that he read Defendant his rights, Detective Richardson then asked Defendant if he voluntarily gave his statement of his own free will, so that he was not threatened or coerced in anyway. Defendant responded, "Yes." (R. at 568.)

Defendant argues that he was confused about his *Miranda* rights. Yet during his own testimony, Defendant admitted that he remembered both his *Miranda* rights advisement when he was put in the police car and the fact that he acknowledged understanding those rights. (R. at 714.) And there is no evidence of violence, threats, promises or improper influence.[2]

## II

Defendant also argues that due to his physical and mental state at the time of his arrest, he was unable to appreciate his *Miranda* rights and give a voluntary confession. Once again, the trial court judge disagreed and denied Defendant's motion to suppress.

██ Coercive police activity is a necessary prerequisite to finding a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment. *Light v. State,* 547 N.E.2d 1073, 1077 (Ind.1989) (citing *Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)), *reh'g denied.* A confession is voluntary if, in light of the totality of the circumstances, the confession is the product of a rational intellect and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will. *United States v. Dillon,* 150 F.3d 754, 757 (7th Cir.1998). The critical inquiry is whether the defendant's statements were induced by violence, threats, promises or other improper

---

**2.** In his brief, Defendant characterizes police questioning of him as emotional and compassionate, Appellant's Br. at 24, and as compas- sionate, artful, and skilled, *id.* at 26. We do not take this to be a claim of improper coercion and do not find it to be.

influence. *Page v. State,* 689 N.E.2d 707, 710 (Ind.1997).

Defendant contends that he was intoxicated on the day of his arrest. He also argues that he was stressed and fatigued by the events leading up to his arrest. Intoxication and lack of sleep may be factors in determining voluntariness. *Brewer v. State,* 646 N.E.2d 1382, 1385 (Ind.1995) (citing *Pettiford v. State,* 619 N.E.2d 925 (Ind.1993) (citing in turn *Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986))). But as noted in Part I, there is no evidence of violence, threats, promises, or improper influence in this case.

### Conclusion

We find that the trial court did not abuse its discretion in denying Defendant's motion to suppress. The record contains substantial probative evidence sufficient to establish beyond a reasonable doubt that Defendant was able to appreciate his *Miranda* rights and give a voluntary confession, and there is no evidence of improper police influence in obtaining the confession.

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.