## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 13 2017, 9:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Kilburn,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 13, 2017

Court of Appeals Case No.
16A01-1606-CR-1419

Appeal from the Decatur Circuit
Court

The Honorable Timothy Day,
Judge

Trial Court Cause No.
16C01-1406-FA-388

**Robb, Judge.**

# Case Summary and Issues

[1] Following a bench trial, Michael Kilburn was convicted of two counts of child molestation, one count as a Class A felony and the other as a Class C felony. The trial court sentenced Kilburn to thirty years in the Indiana Department of Correction. Kilburn now appeals his convictions and sentence, raising two issues for our review: 1) whether the trial court abused its discretion in admitting evidence, and 2) whether his sentence is inappropriate in light of the nature of the offenses and his character. Concluding the trial court did not abuse its discretion in admitting evidence and Kilburn's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] Kilburn is the step-father of K.E., a twelve-year-old special needs child. On March 23, 2014, Kilburn removed K.E.'s clothes and touched her breasts with his hands and mouth and penetrated K.E.'s vagina with his fingers and tongue, causing K.E. to bleed. Kilburn threatened to kill K.E. if she told anyone. K.E. immediately told her mother, T.D. T.D. noticed K.E. was bleeding from her vaginal area and confronted Kilburn, who admitted to performing oral sex on K.E. but claimed K.E. had requested he do so. T.D. reported the incident to the Decatur County Sheriff's Department.

[3] On June 3, 2014, the State charged Kilburn with three counts of child molestation, two counts as Class A felonies and one count as a Class C felony.

During the day on June 4, 2014, Kilburn agreed to accompany law enforcement to the county jail for an interview. Law enforcement advised Kilburn of his *Miranda* rights. Kilburn indicated he understood his rights and signed a waiver form. The interview lasted approximately two hours. Near the end of the interview, Kilburn admitted to digitally penetrating and performing oral sex on K.E. He also claimed K.E. performed oral sex on him.

[4] Prior to trial, Kilburn requested a competency evaluation and the trial court appointed a psychologist and a psychiatrist to evaluate him. Both medical professionals concluded Kilburn suffers from borderline intelligence but found him competent to stand trial.[1] Kilburn also filed a motion to suppress the statements he made during the interview with law enforcement. After a hearing on the matter, the trial court denied the motion, concluding Kilburn's statements were made voluntarily. At trial, the State admitted evidence of Kilburn's recorded statement. The trial court found Kilburn guilty of two counts of child molestation, one count as a Class A felony and the other as a Class C felony, and entered judgment of conviction on both counts. The trial

---

[1] The court-appointed psychiatrist filed a report with the court noting his reasons for concluding Kilburn suffers from borderline intelligence:

> The diagnosis of borderline intellectual functioning is based on the defendant's presentation during the clinical interview and his report of being in special education for a learning disability. During the interview, Mr. Kilburn showed a limited vocabulary, used simple grammar, reported he had difficult reading the longer words in the newspaper, was able to do only addition problems, and showed a limited fund of knowledge and poor abstract abilities. . . . The defendant did not appear to meet criteria for a diagnosis of mild intellectual disability.

Appellant's Appendix, Volume 2 at 51.

court sentenced Kilburn to concurrent terms totaling thirty years executed in the Department of Correction. This appeal ensued.

# Discussion and Decision

## I. Admission of Evidence

### A. Standard of Review

Kilburn challenges the voluntariness of his confession under the United States and Indiana Constitutions. "If a defendant challenges the voluntariness of a confession under the United States Constitution, the [S]tate must prove the statement was voluntarily given by a preponderance of the evidence." *Pruitt v. State*, 834 N.E.2d 90, 114 (Ind. 2005), *cert. denied*, 548 U.S. 910 (2006). Under the Indiana Constitution, the State must prove the statements were voluntary beyond a reasonable doubt. *Id.* at 114-15. The decision to admit a defendant's statement is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Ringo v. State*, 736 N.E.2d 1209, 1211 (Ind. 2000). In reviewing the trial court's decision to admit a defendant's statement, "we do not reweigh the evidence but instead examine the record for substantial probative evidence of voluntariness." *Id.*

### B. Confession

Kilburn claims the trial court abused its discretion in admitting the statements he made to law enforcement because such statements were not made

voluntarily. Specifically, he claims law enforcement tactics coupled with his borderline intelligence made his confession involuntary. We disagree.

[7] "A statement is voluntary if, in the light of the totality of the circumstances, the confession is the product of a rational intellect and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will." *State v. Keller*, 845 N.E.2d 154, 165 (Ind. Ct. App. 2006) (citation and internal quotation marks omitted). In determining whether a statement is given voluntarily, the trial court must consider the totality of the circumstances, including police coercion; the length, location, and continuity of the interrogation; and the defendant's maturity, education, physical condition, and mental health. *Pruitt*, 834 N.E.2d at 115.

[8] At the outset, we acknowledge the clinical reports indicating Kilburn suffers from borderline intelligence. However, we must emphasize the determination of whether a statement is voluntary turns on the totality of the circumstances. *Keller*, 845 N.E.2d at 165. In considering the totality of the circumstances, we have carefully reviewed the recording and transcript of Kilburn's interview with law enforcement. Prior to questioning, law enforcement read Kilburn his *Miranda* rights, Kilburn indicated he understood, and Kilburn signed a form waiving those rights. During the two-hour interview, Kilburn understood why he was being interviewed and the questions asked of him. Kilburn conversed rationally with law enforcement and did not appear confused. His answers to law enforcement's questions were clear, and at times, detailed. In fact, he was able to provide law enforcement with a layout of the home where the sexual

acts took place and utilized a drawing of the home to help explain his answers. As to the demeanor of law enforcement, we note the deputies questioning Kilburn were cordial, polite, and respectful. At no point during the interview did law enforcement threaten or make any promises to Kilburn. After previously claiming K.E. made sexual advances toward him that he consistently rebuffed, he admitted to digitally penetrating and performing oral sex on K.E. and receiving oral sex from K.E. He also acknowledged this conduct was wrongful and a mistake, further indicating he understood the seriousness of his crimes and the nature of law enforcement's questions. In light of the totality of the circumstances, we conclude the State proved Kilburn's statements were voluntary under the United States and Indiana Constitutions. Therefore, the trial court did not abuse its discretion in admitting the statement into evidence.

## II. Inappropriate Sentence

Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role

of appellate review is to "leaven the outliers," not achieve the perceived "correct" result in each case. *Id.* at 1225.

[10] The advisory sentence is the starting point the legislature selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Here, Kilburn was convicted of two counts of child molestation, one count as a Class A felony and the other as a Class C felony. A person convicted of a Class A felony shall be imprisoned for a fixed term of between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4(a). A person convicted of a Class C felony shall be imprisoned for a fixed term of between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a). The trial court sentenced Kilburn to thirty years executed for child molestation as a Class A felony and four years executed for child molestation as a Class C felony, to be served concurrently.

[11] As to the nature of the offenses, we note Kilburn was K.E.'s step-father and in a position of trust and care over the twelve-year-old special needs child. Kilburn's sexual acts caused bleeding from K.E.'s vaginal area and he threatened to kill her if she told anyone of his acts. As to his character, we acknowledge Kilburn does have borderline intelligence, but note Kilburn has previously violated probation. In light of the nature of the offenses and his character, we conclude Kilburn's advisory sentence is not inappropriate.

# Conclusion

[12]     We conclude the trial court did not abuse its discretion in admitting Kilburn's statements and Kilburn's sentence is not inappropriate in light of the nature of the offenses and his character.  Accordingly, we affirm.

[13]     Affirmed.

Kirsch, J., and Barnes, J., concur.